# 14 CV 3125

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                :

KEVIN A. JONES, on behalf of himself and
others similarly situated,           :

                Plaintiffs,     :

        - against -       :

HALSTEAD MANAGEMENT COMPANY,   :
LLC, BROWN HARRIS STEVENS LLC
GROUP and BROWN HARRIS STEVENS,  :
LLC,

                                :

              Defendants.    :

-------------------------------------------------------------x

C.A. No. 14-CV-_____

**CLASS ACTION COMPLAINT**

**(Trial by Jury Demanded)**

RECEIVED
MAY - 2 2014
U.S.D.C. S.D. N.Y.
CASHIERS

      On behalf of himself and all others similarly situated, Plaintiff Kevin A. Jones ("Plaintiff" or "Mr. Jones"), by and through his attorneys, the Legal Action Center and Francis & Mailman, P.C., respectfully alleges as follows:

## NATURE OF THE ACTION

      1.    This is a consumer class action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), brought on behalf of applicants for employment with Defendant Halstead Management Company, LLC ("Halstead"), Defendant Brown Harris Stevens LLC Group ("BHSG") and Defendant Brown Harris Stevens, LLC ("BHS").  Plaintiff contends that Defendants systematically violate section 1681b(b)(3) of the FCRA by using a consumer report to make an "adverse" employment decision without, beforehand, providing the person who is the subject of the report a copy of the report and a summary of rights under the FCRA, leaving the person who is the subject of the report without any time, much less sufficient time, to dispute the report.

2.     The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate.  15 U.S.C. § 1681(b).  Congress included in the statutory scheme a series of due-process-like protections that impose strict procedural rules on "users of consumer reports," such as Halstead, BHSG and BHS.  This action involves Defendants' systematic violations of several of those important rules.

3.     Plaintiff was denied employment as a doorman/porter at Halstead based on a standardized background screen conducted by Sterling Infosystems, Inc. ("Sterling") pursuant to an agreement between Sterling and Defendants whereby Sterling performs a standardized background screen on all of Defendants' candidates for hire or promotion.  Sterling scored Plaintiff as not eligible for the job based on the purported existence of misdemeanor and felony charges and convictions.

4.     In violation of the FCRA, Defendants willfully and negligently failed to provide Plaintiff with the mandatory "pre-adverse action notice" and a copy of the flagrantly inaccurate background report it obtained from Sterling, *before* the adverse action occurred, as required by 15 U.S.C. § 1681b(b)(3).  Every year, individuals who have applied to Halstead, BHSG or BHS for employment have been similarly aggrieved by the same violation of 15 U.S.C. § 1681b(b)(3).

5.     Pursuant to 15 U.S.C. §§ 1681n and 1681o, Plaintiff seeks monetary relief for himself and a class of similarly situated employment applicants and employees to whom Defendants failed to provide the "pre-adverse action notice" required by 15 U.S.C. § 1681b(b)(3).

## PARTIES

6.      Plaintiff is an adult individual residing in New York, New York.

7.      Upon information and belief, Defendant Halstead is a company licensed to do business in the State of New York and regularly conducts business in the Southern District of New York.  Defendant Halstead markets itself as an expert "in managing New York luxury cooperatives and condominiums."  http://www.halsteadmanagement.com/.  Halstead is a subsidiary of Terra Holdings, LLC, one of America's largest privately-held real estate services companies.  Halstead has a principal place of business at 770 Lexington Avenue, 7th Floor, New York, NY 10065.

8.      Upon information and belief, Defendant BHSG is a real estate development and management company licensed to do business in the State of New York and regularly conducts business in the Southern District of New York.  BHSG has a principal place of business at 770 Lexington Avenue, New York, NY 10065.

9.      Defendant BHS is a real estate development and management company, and markets itself as "the quintessential luxury residential real estate firm, with a history of leadership and a culture of professionalism and discretion dating back to 1873." http://www.bhsusa.com/about-brown-harris-stevens.  BHS is also a subsidiary of Terra Holdings, LLC.  BHS has a principal place of business at 770 Lexington Avenue, 4th Floor, New York, NY 10065.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this matter based upon 28 U.S.C. § 1331 and 15 U.S.C. § 1681p in that all claims brought arise under the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*

11.     Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District, and because Defendants "reside" in this District as defined in 28 U.S.C. § 1391(c).

## STATEMENT OF FACTS

### Background:  Defendants' Use of Sterling's Screening Activities

12.     Sterling is among the largest of the nation's employment background screening companies, *i.e.,* those that provide "consumer reports," as defined by 15 U.S.C. § 1681a(d)(1)(B), to prospective employers and employers.

13.     Sterling investigates and reviews public record databases and assembles and/or maintains consumer files which contain public record information concerning, among other things, the alleged criminal record history of individuals.

14.     From its files, Sterling sells consumer reports to potential employers (such as Defendants) wishing to investigate the criminal record history, or lack thereof, with regard to various job applicants or employees.  According to its website, Sterling is "is the world's largest company focused entirely on background checks."   http://www.sterlinginfosystems.com/about-sterling.htm.

15.     In addition to providing background reports, Sterling provides to its employment screening customers an additional service which it calls, alternatively, "scoring" or "adjudication."  Under this service Sterling will score an applicant eligible or ineligible for employment based on an adjudication "matrix" that the customer develops with Sterling.  This service is attractive to Sterling's customers such as Halstead, BHSG and BHS who are constantly hiring and promoting in very large volumes because it provides the customer with a remote, outsourced tool to make its employment decisions rapidly and efficiently.

16.     Sterling offers its customers the possibility of using its screening service in a "pre-employment" hiring environment, meaning as a preliminary screen of applicants, or in a "post-employment" hiring environment, meaning as the final stage in the hiring/promotion process. In a "post-employment" environment, Sterling customers use the service to screen consumers who have already been selected for hire or promotion, subject to the results of the background screen.

17.     Upon information and belief, Halstead, BHSG and BHS use Sterling's screening services and also use Sterling's scoring service.

18.     Under the FCRA, a "user" of a consumer report, such as Halstead, BHSG and BHS, who intends to take an "adverse action" on a job application "based in whole or in part" on information obtained from the consumer report must provide notice of that fact to the consumer-applicant, and must include with the notice a copy of the consumer report and a notice of the consumer's dispute rights under the FCRA, *before* taking the adverse action.  15 U.S.C. § 1681b(b)(3)(A).  After an adverse action occurs, the consumer employment applicant must receive a second notice, mandated by 15 U.S.C. § 1681m.

19.     The reasons for the "pre-adverse action notice" requirement with regard to employment situations are to alert the job applicant or employee that he is about to experience an adverse action, such as a rejection, based on the content of a report, and to provide him an opportunity to challenge the accuracy or relevancy of the information with the consumer reporting agency or the user before that job prospect or job is lost.  In fact, Sterling knows this is the purpose of the requirement.  In a recent presentation co-presented with its lawyers, Sterling counseled its customers that an individual should be given 5 days to contest the information in the report before adverse action is taken.

20.     As an additional service offered to its employment screening customers, Sterling will itself send out FCRA pre-adverse action and adverse action notices to consumers on behalf of its inquiring customers.  Upon information and belief, Halstead, BHSG and BHS use this service, as well.

21.     Upon information and belief, in negligent, reckless and willful disregard of the requirements of the FCRA, Sterling and Defendants have designed this arrangement so that the pre-adverse action notice always gets sent *after* Sterling has scored the application and *after* Sterling has provided Defendants with the applicant's background report.

**The Facts Pertaining to Class Representative Plaintiff Kevin A. Jones**

22.     Plaintiff Kevin A. Jones applied for employment with Halstead as a doorman/porter on or about July 12, 2012.

23.     Mr. Jones interviewed for the position that day with Stuart Bardin, a senior management executive with Halstead.  Mr. Jones was given to understand that the position for which he was applying was a full time temporary position for August through September at $16 an hour, with the potential of it becoming a permanent position.  Following the interview, Mr. Jones was offered the job, which he accepted.

24.     In connection with his application, Mr. Jones completed a written application in which he truthfully answered the question whether he had ever been convicted of a crime in the negative.  He also completed a drug test.

25.     On or about July 16, 2012, a representative from Halstead named Meredith left a message on Mr. Jones' phone.  When Mr. Jones returned the call, Meredith informed him that his background check was not clean and contained criminal history information.  Because Mr. Jones

does not have a criminal record history, he informed Meredith that the background check, which he had not yet received a copy of, contained inaccurate information.

26.     The background report on Mr. Jones compiled by Sterling stated on its face that it had been ordered by its "client," Defendant BHSG.

27.     Halstead, BHSG and BHS took adverse action against Mr. Jones prior to providing him with a copy of the background report, his rights under the FCRA, and an opportunity to contest the accuracy of the report.  By letter dated July 17, 2012, inaccurately and deceptively entitled "Pre-Adverse Action Notice," purportedly from Halstead but in actuality sent by Sterling, and containing Sterling's address and other contact information in the footer of the letter, Mr. Jones was informed that "we have decided to revoke your conditional offer of employment" based on a "Criminal Report" provided by Sterling that reported New York state criminal convictions for operating a motor vehicle under the influence of drugs or alcohol (misdemeanor), attempted petit larceny (misdemeanor), attempted forgery (misdemeanor), as well as violations of probation for aggravated unlicensed operation of motor vehicle (a felony) and operating a motor vehicle under the influence of drugs or alcohol (a felony).  A copy of the letter is attached hereto as Exhibit A.

28.     All the criminal record history reported by Sterling to Halstead, BHSG and BHS was inaccurate.  An official Record of Arrest and Prosecution obtained by Mr. Jones from the New York State Division of Criminal Justice Services, dated August 29, 2012, confirmed that Mr. Jones does not have any convictions or arrests in New York State.

29.     As a direct result of Defendants' unlawful use of the Sterling background report and Sterling's scoring of Mr. Jones' employment application, Mr. Jones lost the job opportunity at Halstead.

## CLASS ACTION ALLEGATIONS

30.     Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure 23(a)

and 23(b)(3) on behalf of a class defined as follows:

> All employees or applicants for employment of Defendants residing in the United
> States (including all territories and other political subdivisions of the United
> States) who were the subject of a background report obtained from Sterling that
> was used by Defendants to make an adverse employment decision regarding such
> employee or applicant for employment, within two years prior to the filing of this
> action and extending through the resolution of this case, and for whom
> Defendants failed to provide the employee or applicant a copy of their consumer
> report or a copy of the FCRA summary of rights at least five business days before
> it took such adverse action.

31.     Plaintiff reserves the right to amend the definition of the Class based on discovery

or legal developments.

32.     **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that

joinder of all is impractical. Upon information and belief, Halstead, BHSG and BHS obtain

hundreds if not thousands of consumer reports on employees and applicants for employment

each year, and those persons' names and addresses are identifiable through documents

maintained by Halstead, BHSG and BHS.

33.     **Existence and Predominance of Common Questions of Law and Fact. FED.**

**R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class, and

predominate over the questions affecting only individual members. The common legal and

factual questions include, among others:

a)      Whether Defendants failed to provide each employee or applicant for

employment a copy of their consumer report at least five business days before they took adverse

action based upon the consumer report;

b)      Whether Defendants failed to provide each employee or applicant for

employment a copy of their written notice of FCRA rights at least five business days before they took adverse action based upon the consumer report;

        c)      Whether Defendants acted willfully or negligently in disregard of the rights of employees and applicants in their failure to permit their employees and automated systems to send consumers (employees and applicants) their full consumer report and a written statement of their FCRA rights at least five business days before taking adverse action based on the consumer report.

34.     **Typicality. FED. R. CIV. P. 23(a)(3).**  Plaintiff's claims are typical of the claims of each Class member.  Plaintiff has the same claims for statutory and punitive damages that he seeks for absent class members.

35.     **Adequacy. FED. R. CIV. P. 23(a)(4).**  Plaintiff is an adequate representative of the Class.  His interests are aligned with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously.  Plaintiff and his counsel will fairly and adequately protect the interests of members of the Class.

36.     **Predominance and Superiority. FED. R. CIV. P. 23(b)(3).**  Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy.  The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct.  It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them.  Even if the members of the Class themselves could afford such individual litigation, it would be an

unnecessary burden on the courts.  Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct.  By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

### CAUSES OF ACTION

**COUNT I**
**Failure to Provide Pre-Adverse Action Notice Requirements**
**Fair Credit Reporting Act, 15 U.S.C. § 1681b(b)(3)**
**(On behalf of Plaintiff and Class)**

37.     Plaintiff realleges and incorporates by reference all preceding paragraphs as alleged above.

38.     Plaintiff is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c).

39.     The Sterling background reports ordered by Defendants are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

40.     The FCRA provides that any person "using a consumer report for employment purposes" who intends to take any "adverse action based in whole or in part on the report," must provide the consumer with a copy of the report *and* a written description of the consumer's rights under the FCRA, as prescribed by the Federal Trade Commission, before taking such adverse action.  15 U.S.C. § 1681b(b)(3)(A).

41.     For purposes of this requirement, an "adverse action" includes "any . . . decision . . . that adversely affects any current or prospective employee."  15 U.S.C. § 1681a(k)(1)(B)(ii).

42.     Defendants Halstead, BHSG and BHS are each a "person" that regularly uses Sterling background reports for employment purposes.

43.     The FCRA requires Defendants, as users of consumer reports for employment purposes, before taking adverse action based in whole or in part on the report, to provide to the consumer to whom the report relates, a copy of the report and a written description of the consumer's rights under the FCRA.  15 U.S.C. § 1681b(b)(3)(A)(i), (ii).

44.     Defendants willfully or negligently violated section 1681b(b)(3) of the FCRA by failing to provide Plaintiff and the members of the Class the following before using such reports: (a) the required Pre-Adverse Action Notice; (b) a copy of the consumer report; and, (c) a written description of the consumer's rights under the FCRA, and thereby denied the consumers sufficient time to be able to review and dispute the report before Defendants took adverse action on their employment applications, promotion applications or employment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class pray for relief as follows:

A.     An order certifying the case as a class action on behalf of the proposed Class under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

B.     An award of actual, statutory and punitive damages for Plaintiff and the Class;

C.     An award of pre-judgment and post-judgment interest as provided by law;

D.     An award of attorneys' fees and costs; and,

E.     Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
      May 2, 2014

                                    **LEGAL ACTION CENTER**

                                    By: _____
                                          Monica Welby (MW-7373)

                                    Monica Welby (MW-7373)
                                    Sally Friedman (SF-3344)
                                    225 Varick Street, Suite 402
                                    New York, NY  10014
                                    Tel:  (212) 243-1313
                                    Fax:  (212) 675-0286
                                    Email:  mwelby@lac.org
                                                  sfriedman@lac.org

                                  **FRANCIS & MAILMAN**
                                  James A. Francis (*pro hac vice forthcoming*)
                                  Mark D. Mailman (*pro hac vice forthcoming*)
                                  David A. Searles (*pro hac vice forthcoming*)
                                  100 S. Broad Street, 19th Floor
                                  Philadelphia, PA 19110
                                  Tel:  (215) 735-8600
                                  Fax:  (215) 940-8000
                                  Email:  jfrancis@consumerlawfirm.com
                                                    mmailman@consumerlawfirm.com
                                                   dsearles@consumerlawfirm.com

                                  *Attorneys for Plaintiff and the Class*

# **EXHIBIT A**



# HALSTEAD
MANAGEMENT COMPANY, LLC

## Pre-Adverse Action Notice

7/17/2012

Dear Kevin Jones,

When you applied for employment, you consented to an independent investigation conducted by a consumer reporting agency. This investigation may have included obtaining information regarding bankruptcies covering up to the last ten (10) years, obtaining information regarding civil suits, civil judgments, arrest records, and paid tax liens covering up to the last seven (7) years, obtaining information regarding any other adverse item of information covering up to the last seven (7) years and obtaining information regarding references and educational and employment verifications without any time limitations, subject to any limitations or exceptions applicable under applicable state and federal law. The investigation also may have included obtaining information relating to criminal records without any time limitations, subject to state law.

contracted with **Sterling Infosystems, Inc.**, whose address and telephone number is 249 West 17th Street, New York, NY 10011 / Telephone: (877) 424-2457. **Sterling Infosystems, Inc.** has reported to us the following information:

**Criminal Report**

Based on this information, subject to you successfully challenging the accuracy of this information, we have decided to revoke your conditional offer of employment. **Sterling Infosystems, Inc.** has not made this decision and is not able to explain why the decision was made.

is enclosing a copy of the report and a copy of your rights under the federal Fair Credit Reporting Act. You have the right to obtain a free copy of your file from **Sterling Infosystems, Inc.** if you request the report within 60 days. You also have the right to dispute directly with **Sterling Infosystems, Inc.** the accuracy or completeness of any information provided by it.

If you believe the information listed above is not accurate, please contact **Sterling Infosystems, Inc.** within five business days of receipt of this letter.

This will give you an opportunity to contact us if you want to dispute the report submitted by **Sterling Infosystems, Inc.**

Sincerely,
Halstead Management, LLC As Agent for 45 East 62nd Street Corp.
Encl: FTC Summary of Rights
[State summaries as appropriate]