# APPENDIX  I

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN A. JONES, on behalf of himself and others
similarly situated,

      Plaintiff,

 -against-

HALSTEAD MANAGEMENT COMPANY, LLC,
BROWN HARRIS STEVENS LLC GROUP, and
BROWN HARRIS STEVENS, LLC, and TERRA
HOLDINGS, LLC,

        Defendants

    and

HALSTEAD MANAGEMENT COMPANY, LLC,
and BROWN HARRIS STEVENS RESIDENTIAL
MANAGEMENT, LLC,

     Third-Party Plaintiffs,

    -against-

STERLING INFOSYSTEMS, INC. d/b/a
STERLINGBACKCHECK

      Third-Party Defendant.

No. 14-cv-03125 (VEC)

**SETTLEMENT AGREEMENT**

This Settlement Agreement is entered into as of September 3, 2015, by and between Kevin

A. Jones ("Plaintiff"), on the one hand, and Defendant Halstead Management Company, LLC

("Halstead"), Defendant Brown Harris Stevens Residential Management, LLC ("BHS")[1], and

Defendant Terra Holdings, LLC ("Terra") (collectively, "Defendants" or "Halstead"), on the other.

---

[1]     Plaintiff named entities called "Brown Harris Stevens LLC Group" and "Brown Harris Stevens, LLC" as
defendants; however, the correct name for the relevant entity is Brown Harris Stevens Residential Management, LLC.

## RECITALS

WHEREAS, Plaintiff filed a class action lawsuit on May 2, 2014, in the United States District Court for the Southern District of New York captioned *Jones v. Halstead Management Company, LLC, et al,* Civ. No. 14-3125, and filed an Amended Complaint on August 21, 2014;

WHEREAS, Plaintiff alleged that Defendants violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), by systematically violating sections 1681b(b)(2) (the "Form Claim") and 1681b(b)(3) (the "Pre-Adverse Action Claim") of the FCRA;

WHEREAS, on June 17, 2014, Defendants filed an Answer to the Complaint;

WHEREAS, on June 27, 2014, Defendants filed a Third Party Complaint against Sterling Infosystems, Inc. ("Sterling");

WHEREAS, on August 4, 2014, Sterling filed a Motion to Dismiss Plaintiff's Complaint and a Motion to Dismiss Defendants' Third Party Complaint, and on September 12, 2014, Sterling filed a Motion to Dismiss Plaintiff's Amended Complaint, which Plaintiff opposed;

WHEREAS, on September 4, 2014, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint, which Plaintiff opposed;

WHEREAS, on September 29, 2014, the Court entered a stipulated protective order (the "Protective Order") to govern the use of confidential material in the Lawsuit;

WHEREAS, pursuant to the Protective Order, the parties proceeded with discovery and litigation, including written discovery, document production and depositions, including information concerning the potential class sizes of the Form Claim and the Pre-Adverse Action Claim;

WHEREAS, on January 15, 2015, Plaintiff filed a Motion for Class Certification as to the Form Claim, which Defendants opposed;

WHEREAS, on January 27, 2015, the Court denied Defendants' and Sterling's Motions to Dismiss the Amended Complaint, reported at 2015 WL 366244 (S.D.N.Y. Jan. 27, 2015);

WHEREAS, on January 29, 2015, Defendants filed a Motion for Summary Judgment as to both the Form Claim and the Pre-Adverse Action Claim, which Plaintiff opposed;

WHEREAS, on May 19, 2015 and June 23, 2015, the Parties (hereafter defined) met with the Hon. John Hughes (ret.) of JAMS – New York in an attempt to mediate a resolution of this case, engaging in extensive arms-length negotiations, at the conclusion of which the Parties reached an agreement in principle for the total amount of money to be paid by Defendants for the benefit of the members of the Class (hereafter defined), but could not reach an agreement on other terms of a settlement;

WHEREAS, subsequent to the second mediation, the Parties continued to negotiate via emails and telephone calls under the auspices of Judge Hughes, and eventually the Parties reached an agreement as to the amount of an individual settlement and service award to the Plaintiff and the amount of fees and costs to be paid to Class Counsel (hereafter defined), subject to the approval of the Court;

WHEREAS, on July 8, 2015, Defendants filed a letter notifying the Court of the Parties' settlement in principle, subject to documentation of a complete agreement with exhibits;

WHEREAS, on July 21, 2015, in light of the Parties' settlement in principle, the Court dismissed Plaintiff's Motion for Class Certification and Defendants' Motion for Summary Judgment as moot, and ordered Plaintiff to file a motion for class certification for purposes of settlement and for preliminary approval of the Parties' settlement agreement no later than August 21, 2015, later extended to September 4, 2015;

WHEREAS, counsel for Plaintiff has thoroughly analyzed the applicable law and all of the facts, and has concluded that the proposed settlement herein is fair and reasonable and in the best interest of the Class because it provides substantial and immediate relief and avoids the considerable risks and delays of further litigation;

WHEREAS, although the Defendants assert that the complained of conduct did not violate the FCRA, the Defendants believe that the settlement proposed herein is desirable in order to avoid further significant burden, expense, and inconvenience of protracted litigation, and the distraction and diversion of their personnel and resources; and

WHEREAS the Parties now agree to settle the Form Claim and Plaintiff Jones' own individual Pre-Adverse Action Claim, without any admission of liability.

### TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, in light of the foregoing, in consideration of the terms and conditions set forth herein, which the Parties acknowledge are good and valuable consideration for this Agreement, the Parties agree and stipulate, subject to approval by the Court, as follows:

**1.**     **Definitions**

As used in this Agreement and its incorporated Exhibits, the following terms have the meanings specified herein:

"Agreement" means this Settlement Agreement entered into between Defendants, on the one hand, and the Class Representative, individually and on behalf of Class Members, on the other hand, in the Lawsuit, including all terms and conditions set forth herein.

"Amended Complaint" refers to the Amended Complaint filed by Kevin A. Jones individually and on behalf of all those similarly situated in the action entitled *Jones v. Halstead Management Company, LLC, et al,* Civ. No. 14-3125, United States District Court, Southern District of New York.

"Class" or "Class Member(s)" means "All natural persons residing within the United States and its Territories regarding whom, from May 1, 2012 through November 12, 2014, the Defendants procured or caused to be procured a consumer report for employment purposes using a written disclosure containing language substantially similar in form to the disclosure forms provided to Plaintiff [the "Form"]."  Defendants have represented that the size of the Class is approximately 1,795 persons, and Plaintiff has relied on that representation in entering into this Settlement Agreement.  If the Class size turns out to be less, according to Defendants, Plaintiff may review the data supporting Defendants' calculation, in good faith consultation with Defendants and/or Defendants' counsel.  Further, Defendants or Defense Counsel shall supply a Declaration detailing the methods used to calculate the size of the Class.

"Class Counsel" or "Plaintiff's Counsel" refers to Francis & Mailman, P.C. and the Legal Action Center.

"Class List" is the list to be compiled by Defendants consisting of the Class Members.

"Class Notice" or "Notice" is the Notice of Class Action Settlement, in the form of Exhibit A, incorporated herein by reference.

"Class Period" is the period to which the settlement and this Agreement applies, as specified in the definition of the Class, above.

"Class Representative" refers to Plaintiff Kevin A. Jones as representative of the Class.

"Court" means the United States District Court, Southern District of New York in which this Lawsuit is pending, and to which presentation of this Agreement for judicial review and approval will be made.

"Defendants" means Defendant Halstead Management Company, LLC ("Halstead"), Defendant Brown Harris Stevens Residential Management, LLC ("BHS"), and Defendant Terra Holdings, LLC ("Terra").

"Defense Counsel" means Venable LLP (Edmund M. O'Toole, Esq. and Sarah S. Park, Esq.).

"Effective Date" shall mean when the last of the following with respect to the Final Approval Order approving the Settlement Agreement has occurred: (i) the expiration of three business days after the time to file a motion to alter or amend the Final Approval Order under the Federal Rules of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of three business days after the time in which to appeal the Final Approval Order has passed without any appeal having been filed (which date shall be deemed to be 33 days following the entry of the Final Approval Order, unless the date to take such appeal shall have been extended by Court order or otherwise, or unless the 33rd day falls on a weekend or a Court holiday, in which case the date for purposes of this Settlement Agreement shall be deemed to be the next business day after such 33rd day); and (iii) if such motion to alter or amend is filed, or if an appeal is taken, three business days after a determination of any such motion or appeal that permits the consummation of the settlement in accordance with the terms and conditions contained within this Settlement Agreement.

"Final Approval Hearing" means the hearing at which the Court will consider final approval of the settlement and awards to the Class Representative and Class Counsel.

"Final Approval Order" or "Judgment" means the Order of the Court granting final approval of the settlement and Plaintiff Jones' own individual claim, in the form attached as Exhibit B.

"Lawsuit" means the civil action filed in the United States District Court, Southern District of New York, entitled *Jones v. Halstead Management Company, LLC, et al,* Civ. No. 14-3125.

"Party" refers individually to the Class Representative, on behalf of himself and Class Members, and Defendants.  Collectively, these are referred to as the "Parties."

"Preliminary Approval Order" means the Order of the Court preliminarily approving the Settlement and the Class Notice, in the form attached as Exhibit C;

"Settlement Administrator" refers to the firm of Heffler Claims Group LLC, which the Defendants have hired and will pay for separate and apart from the amounts to be paid for the benefit of the Class, attorneys' fees and costs and the individual settlement and service award for the Class Representative, and which will be responsible for the administration of this class action settlement as more fully described herein.

"Settlement Administration Amount" means the costs of notice and settlement administration Defendants shall pay to the Settlement Administrator, including but not limited to all fees, charges and other expenses associated with the establishment and maintenance of the account(s) to administer the Settlement Fund.

"Settlement Fund" is the five hundred eighty three thousand three hundred seventy five dollars ($583,375.00) which shall be used to pay all financial consideration to the Class Members.

2.    **Settlement Terms and Procedures**

2.1.    Solely for purposes of avoiding the expense and inconvenience of further litigation, Defendants do not oppose the certification of the Class for purposes of settlement of the Form Claim only.

2.2.    After execution of this Agreement, counsel for Plaintiff shall file a motion asking the Court to enter the Preliminary Approval Order.

2.3.     Within ten days after the filing of the Motion for Preliminary Approval including this proposed Settlement Agreement, Defendants shall send notice to governmental agencies to the extent required by 28 U.S.C. § 1715, and shall file a certificate of such service with the Court, such notifications to be completed by Defendants at their own expense.

2.4.     At least ten (10) days prior to a scheduled Final Approval Hearing, Class Counsel shall file a motion requesting the Court to grant final approval of the settlement, and for entry of the Final Approval Order.

2.5.     Defendants acknowledge that they have implemented changes to their business practices as a result of the Lawsuit, specifically the engagement of a new vendor to replace Sterling and the use of new forms to comply with section 1681b(b)(2) of the FCRA, as of December 14, 2014.

2.6.     Defendants agree to pay a total settlement amount of one million, eighteen thousand three hundred seventy five dollars ($1,018,375.00), comprising the payments in paragraph 2.6(b) below, in addition to paying the Settlement Administration Amount.

(a)     Within fourteen business days after entry of the Preliminary Approval Order, Defendants and/or their insurer shall pay the sum of five hundred eighty three thousand, three hundred seventy five dollars ($583,375.00) to the Settlement Administrator to create the Settlement Fund.

(b)     The following payments shall be made by Defendants and/or their insurer within five (5) business days of the Effective Date:

(i)     the sum of five hundred eighty three thousand three hundred seventy five dollars ($583,375.00) to the Settlement Administrator from which the Settlement

Administrator will pay the sum of three hundred twenty-five dollars ($325.00) to each Class Member;

        (ii)    the sum of ten thousand dollars ($10,000.00) as an individual settlement and service award to the Class Representative, subject to the approval of the Court, upon motion filed not later than ten (10) days prior to the Final Approval Hearing; and,

        (iii)    the Plaintiff's reasonable attorneys' fees and expenses, in an amount not in excess of four hundred, twenty-five thousand dollars ($425,000.00), subject to the approval of the Court, upon motion filed not later than ten (10) days prior to the Final Approval Hearing.

        (c)    Payment to each Class Member shall be in the form of a check in the amount of $325.00 issued by the Settlement Administrator, and made payable to "[Name of Class Member]" and mailed out within fifteen (15) days after the Effective Date.

        (d)    Each check issued to Class Members pursuant to this Agreement shall be void if not negotiated within one (1) year after its date of issue, and shall contain a legend to such effect.  Checks that are not negotiated within one (1) year) after their date of issue shall not be reissued and shall expire.

        (e)    The final Settlement Administration Amount, representing the total fees, costs and expenses of notice and settlement administration services in connection with this settlement, shall be determined by the Settlement Administrator, no later than one (1) year after the date of issue of checks mailed to each Class Member as set forth above.  The final Settlement Administration Amount shall be paid by Defendants subject to reasonable review by Defendants, with prompt notice to Plaintiff.

(f)    The amount represented by checks issued to Class Members that are not negotiated within one (1) year after their date of issue shall be used to reimburse Defendants for their payment of the Settlement Administration Amount.

(g)    To the extent the amount of uncashed or returned checks exceeds that which was paid by Defendants for the Settlement Administration Amount, such excess amount shall be used to create a *cy pres* fund.  The *cy pres* fund is proposed to be distributed, with the approval of the Court, to two proposed entities.[2]

(h)    When the funds are ready to be sent, the Settlement Administrator shall notify Class Counsel and Defense Counsel fourteen (14) days in advance of forwarding the funds payable to the *cy pres* recipient(s).  The funds will be payable within thirty (30) days after the expiration of the one (1) year period following issuance of the checks.

2.7    The Parties agree to mutual cooperation with respect to their respective pending claims against Sterling, subject to any Party's right to settle claims with Sterling, without consent of the other Party(ies).

3.    <u>**Notice and Settlement Administration**</u>

3.1    The Settlement Administrator will certify the number and identity of the Class Members under the Class definition, and compile a final Class Member list.  To assist in this process, Defendants shall provide, within five (5) business days after entry of the Preliminary Approval Order, a Class Member list in readable electronic form to the Settlement Administrator. For each Class Member, Defendants shall provide the name and last known address.  In preparing

---

[2]    Community Service Society of New York (Legal Department/Reentry Program), http://www.cssny.org/ (general website) and http://www.cssny.org/issues/entry/imprisonment-reentry, http://www.cssny.org/advocacy-and-research/entry/legal-advocacy (information on reentry program); MFY Legal Services Inc. (Reentry Project), http://www.mfy.org/ (general web site) and http://www.mfy.org/projects/371-2/ (information on reentry project).

the Class Member List, Defendants shall use reasonable, good faith efforts to identify Class Members.  The Settlement Administrator shall ensure that the information that it receives from Defendants and Class Members is secured and managed in such a way as to protect the security and confidentiality of the information, consistent with the privacy policies of Defendants as well as applicable law.  Except as specifically provided in this Agreement, the Settlement Administrator shall not disclose or disseminate any information that it receives from Defendants and Class Members without the prior written consent of all Parties.

3.2     Not later than fourteen (14) days after entry of the Preliminary Approval Order, the Settlement Administrator shall establish a website labeled as www.JonesHalsteadClassAction.Info (or something substantially similar) which will contain, among other things, the Notice in the form attached hereto as Exhibit A; the Amended Complaint in this case; the Defendants' Answers to the Complaint; the Settlement Agreement; the Motion for Preliminary Approval of the Settlement; and, the Preliminary Approval Order.

3.3     The Notice to the Class Members shall state that the payment to them is a result of the settlement of the Form Claim, that Defendants retain their rights against a third-party vendor, and that Defendants admit no liability.

3.4     Within thirty (30) days after the Court enters the Preliminary Approval Order, the Settlement Administrator will mail the Class Notice, in the form attached as Exhibit A, subject to any changes made by the Court, to each Class Member at their last known address, as updated by the Settlement Administrator with one round of skip-tracing.

3.5     With respect to those persons whose Notice by regular mail is returned to the Settlement Administrator as undeliverable, the Settlement Administrator shall promptly attempt to

obtain an updated address for each such person from the United States Post Office, and if such an address is obtained, shall resend the Notice to that updated address.

3.6     The Parties agree that the Class Notice fairly informs the Class Members of the general nature of the Lawsuit, the financial and other terms of the Agreement particularly significant for the Class Members, the general procedures for and consequences of opting out of the Class or objecting to the Settlement Agreement, and the date of the Final Approval Hearing.

3.7     Compliance with the procedures described herein shall constitute due and sufficient notice to Class Members of this proposed settlement for the Final Approval Hearing, and shall satisfy the requirement of due process.  Nothing else shall be required of, or done by, the Parties, Class Counsel, Defense Counsel, or the Settlement Administrator to provide notice of the proposed settlement and the Final Approval Hearing as described herein.

3.8     No later than fifteen (15) days prior to the Final Approval Hearing, the Settlement Administrator shall serve on the Parties' counsel a list of all persons who have timely opted-out of the Class and who have timely objected to the settlement by submitting such opt-out requests and such objections postmarked no later than 70 days after the date of mailing the Notice, as compiled by the Settlement Administrator.  The Settlement Administrator shall also at that time supply its determinations as to whether any request to opt out of the Class was not submitted timely, and provide written notification to any Class Member whose request to opt out of the Class was not submitted on a timely basis.

3.9     If more than two hundred (200) Class Members request exclusion from the Class within the permissible time period as described in the preceding section, Defendants shall have the option to terminate this Agreement.  If Defendants terminate this Agreement, this Agreement shall be null and void and this settlement of no force and effect.  Defendants shall give notice of such

termination in writing to Class Counsel and the Settlement Administrator no later than ten (10) days after the day it receives the list of Class Members who have requested exclusion from the Class as described in Section 3.7, above.

**4.     Release**

4.1     For the consideration stated herein, the receipt and sufficiency of which are hereby acknowledged, Plaintiff agrees that Plaintiff and all Class Members who do not timely exclude themselves from the Class, on behalf of themselves, their heirs, assigns, executors, executors, administrators, successors, agents, attorneys, representatives and assigns, hereby remise, release and forever discharge Defendants, their parents, subsidiaries, present and former officers, directors, employees, representatives, insurers, and attorneys (collectively, the "Released Parties") from any and all liabilities, causes of actions, or claims concerning or arising out of the facts underlying the claim that was asserted in the Amended Complaint invoking  section 1681b(b)(2) of the FCRA.

4.2     In addition, the Class Representative, for himself only and not on behalf of the members of the Class, hereby fully, finally, irrevocably, and forever releases the Released Parties from any and all liabilities, claims, causes of action, damages, costs, attorneys' fees, losses, or demands arising from the subject matter of the Lawsuit, whether known or unknown, existing or potential, suspected or unsuspected, of any kind or nature whatsoever.

4.3     Upon the Effective Date, Defendants, for themselves, and on behalf of the Released Parties, shall remise, release and forever discharge Plaintiff and all Class Members who do not timely exclude themselves from the Class, from any and all liabilities, causes of actions, or claims concerning or arising out of the facts underlying the claim that was asserted in the Amended Complaint invoking section 1681b(b)(2) of the FCRA.

4.4     Upon the Effective Date, Defendants, for themselves, and on behalf of the Released Parties, shall remise, release and forever discharge Plaintiff and his present and former attorneys, administrators, heirs, agents, insurance carriers from any and all liabilities, claims, causes of action, damages, costs, attorneys' fees, losses, or and demands arising from the subject matter of the Lawsuit, whether known or unknown, existing or potential, suspected or unsuspected, of any kind of nature whatsoever.

5.     **No Admission of Liability**

5.1     The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims.  No action taken by the Parties either previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made or an acknowledgment or admission by any Party of any fault, liability or wrongdoing of any kind whatsoever.

5.2     Neither the Agreement, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the settlement, is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim made by the Class Members, Class Counsel, or anyone else.

6.     **Collateral Attack and _Res Judicata_**

6.1     This Agreement shall not be subject to collateral attack by any Class Member or any recipient of the Class Notice after the Judgment is entered.  Such prohibited collateral attacks shall include but are not limited to claims that the procedures for settlement administration were incorrect, or that the Class Member failed for any reason to receive timely notice of or disputing the calculation of his or her individual distribution from the Settlement Fund.

6.2     To the extent permitted by law, the Agreement and/or Judgment may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding which may be instituted, prosecuted or attempted in breach of this Agreement.  Each of the Defendants may file this Agreement and/or the Judgment in any action that may be brought against it in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**7.     Nullification**

7.1     If (1) the Court should for any reason deny with prejudice preliminary approval of the settlement; or (2) the Court should for any reason fail to approve this Agreement in the form agreed to by the Parties; or (3) the Court should for any reason fail to enter the Judgment; or (4) the Judgment is reversed, modified, or declared or rendered void; or (5) Defendants terminate this Agreement for reasons permitted herein, then (i) this Agreement shall be considered null and void, notwithstanding the severability clause in this Agreement, (ii) neither this Agreement nor any of the related negotiations or proceedings shall be of any force or effect, and, (iii) all Parties to this Agreement shall stand in the same position, without prejudice, as if the Agreement had been neither entered into nor filed with the Court.

7.2     In the event of a timely appeal from the Judgment, the Judgment shall be stayed, the fees and reimbursement of expenses to Class Counsel shall not be paid, and the Settlement Fund shall not be distributed to Class Members pending the completion of the appeal.

**8.**     **Non-Disparagement**

8.1     The Parties shall abstain from making, publishing, posting, aiding, or authorizing the publication of any false or defamatory statements to any other person about each other.  The Parties shall abstain from making any public press releases to the media regarding this Agreement.

**9.**     **Extensions of Time**

9.1     Unless otherwise ordered by the Court, the Parties may jointly agree to reasonable extensions of time to carry out any of the provisions of this Agreement.

**10.**    **No Pending Action**

10.1     Each of the Parties represents and warrants that, with the exception of Defendants' claims against Sterling, they are not aware of any other lawsuits or administrative proceedings involving Defendants regarding the subject matter of the Lawsuit.

**11.**    **Construction and Intent**

11.1     This Agreement is executed voluntarily by each of the Parties without any duress or undue influence on the part, or on behalf, of any of them.  This Agreement has been negotiated at arms-length by parties of equal bargaining power, and drafted jointly by Class Counsel and Defense Counsel.  Each of the Parties has had full opportunity to review and consider the contents of this Agreement, have read and fully understand the provisions of this Agreement, and have relied on the advice and representation of legal counsel of their own choosing.  In the event that a dispute arises with respect to this Agreement, no Party shall assert that any other Party is the drafter of this Agreement, for purposes of resolving ambiguities that may be contained herein.  If any provision of this Agreement shall be deemed ambiguous, such provision shall not be construed against any Party on the basis of the identity of the purported drafter of this Agreement.

11.2    The Parties intend this Agreement to be a final and complete resolution of all disputes between them with respect to the Lawsuit.

11.3    The Parties agree that the Agreement was negotiated in good faith by the Parties.

11.4    The descriptive headings of any paragraphs or sections of this Agreement are inserted for convenience of reference only and do not constitute part of this Agreement.

11.5    As used in this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

## 12.    Governing Law

12.1    The Agreement shall be construed in accordance with, and be governed by, the laws of the State of New York, without regard to the principles thereof regarding choice of law.  The sole and exclusive forum for resolution of any disputes arising under or related to this agreement shall be the federal courts located in the State of New York.

## 13.    Survival of Warranties and Representations

13.1    The warranties and representations of this Agreement are deemed to survive the date of execution hereof.

## 14.    Representative Capacity

14.1    Each person executing this Agreement in a representative capacity represents and warrants that he or she is empowered to do so.

## 15.    Counterparts

15.1    This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument,

even though all Parties do not sign the same counterparts.  The Agreement may be executed by facsimile signature.

## 16.  Cooperation of the Parties

16.1    The Parties acknowledge that it is their intent to consummate this Agreement and agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of the Agreement.  Specifically, the Parties to this Agreement agree to prepare and execute all documents, to seek Court approvals, defend Court approvals, and to do all things reasonably necessary to complete the settlement described in this Agreement.  Further, the Parties will comply in good faith with the terms and conditions of the Agreement.

16.2    Should any dispute arise among the Parties or their respective counsel regarding the implementation or interpretation of this Agreement, a representative of Class Counsel and a representative of Defense Counsel shall meet and confer in an attempt to resolve such disputes prior to submitting such disputes to the Court.

## 17.  Destruction of Confidential Documents

17.1    No later than thirty (30) days after the Effective Date, counsel for each Party shall destroy all confidential material governed by the Protective Order in the Lawsuit obtained from the other Party(ies) through discovery, including all copies thereof, and upon written request by counsel for the producing Party shall certify in writing that provisions of this paragraph have been complied with; provided, however, that counsel for the Parties may retain in their own files all pleadings, discovery responses, court filings, transcripts, exhibits, correspondence, notes and memoranda and work product embodying such confidential material.   Any such embodied

confidential material so retained shall remain confidential and subject to the restrictions contained in the Protective Order.

18.    **Severability**

18.1    If any portion, provision, or part of this Agreement is held, determined or judged to be invalid, unenforceable, or void, for any reason whatsoever, each such portion, provision, or part shall be severed from the remaining portions, provisions, or parts of this Agreement and shall not affect the validity or enforceability of such remaining portions, provisions, or parts, unless doing so would deprive a Party of a benefit of its bargain.

19.    **Notices**

19.1    All notices and documents to Class Counsel and Defense Counsel provided for herein shall be sent via email in portable document format (pdf) or, if too large to send in that format, by U.S. Mail.

19.2    Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of notice to the Class.

20.    **Modification and Amendment**

20.1    This Agreement contains an entire, complete, and integrated statement of each and every term and provision agreed to by and among the Parties; it is not subject to any condition not provided for herein.  This Agreement shall not be modified in any material respect except by a writing executed by all the Parties hereto.

21.    **Binding on Successors and Assigns**

21.1    The Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement as of the date written above.

By: _____

James A. Francis
David A. Searles
FRANCIS & MAILMAN, P.C.
100 South Broad Street, 19th Floor
Philadelphia, Pennsylvania 19110
(212) 735-8600
Fax: (215) 940-8000
jfrancis@consumerlawfirm.com
dsearles@consumerlawfirm.com


Monica Welby
Sally B. Friedman
LEGAL ACTION CENTER
225 Varick Street
New York, New York 10014
(212) 243-1313
Fax: (212) 675-0286
mwelby@lac.org
sfriedman@lac.org

*Attorneys for Plaintiff and the Class*

By: _____

Kevin A. Jones
Class Representative

By: _____
Edmund M. O'Toole
Sarah S. Park
VENABLE LLP
Rockefeller Center
1270 Avenue of the Americas, 25th Floor
New York, New York 10020
(212) 953-3388
Fax: (212) 307-5598
emotoole@venable.com
spark@venable.com

*Attorneys for Defendants*

_____
Babette Krolik
[Title]
On behalf of Defendants Halstead Management Company, LLC, Brown Harris Residential Management, LLC and Terra Holdings, LLC

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement as
of the date written above.

By: _____

James A. Francis
David A. Searles
FRANCIS & MAILMAN, P.C.
100 South Broad Street, 19th Floor
Philadelphia, Pennsylvania 19110
(212) 735-8600
Fax: (215) 940-8000
jfrancis@consumerlawfirm.com
dsearles@consumerlawfirm.com


Monica Welby
Sally B. Friedman
LEGAL ACTION CENTER
225 Varick Street
New York, New York 10014
(212) 243-1313
Fax: (212) 675-0286
mwelby@lac.org
sfriedman@lac.org

*Attorneys for Plaintiff and the Class*

By: _~Sarah S. Park~_
Edmund M. O'Toole
Sarah S. Park
VENABLE LLP
Rockefeller Center
1270 Avenue of the Americas, 25th Floor
New York, New York 10020
(212) 953-3388
Fax: (212) 307-5598
emotoole@venable.com
spark@venable.com

*Attorneys for Defendants*

_____

Kevin A. Jones
Class Representative

_~Babette Krolik~_
Babette Krolik
[Title] General Counsel
On  behalf  of  Defendants  Halstead
Management Company, LLC, Brown Harris
Residential Management, LLC and Terra
Holdings, LLC

# EXHIBIT A

## EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

# If you applied for employment with Halstead Management Company, LLC, Brown Harris Stevens Residential Management, LLC or Terra Holdings, LLC between May 1, 2012 and November 12, 2014, you could get a payment from a class action settlement.

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

- A settlement will provide a Settlement Fund of $583,375.00 to pay people who applied for employment with Halstead Management Company, LLC, Brown Harris Stevens Residential Management, LLC or Terra Holdings, LLC ("Defendants") between May 1, 2012 and November 12, 2014.

- The settlement resolves a lawsuit over whether Defendants failed to comply with legal requirements in obtaining background checks on people applying for jobs.  The settlement avoids costs and risks to you from continuing the lawsuit; pays money to people like you; and releases Defendants from liability.

- The two sides disagree on how much money could have been won if this case went to trial.

- Lawyers for the class members will ask the Court for up to $425,000 to be paid by Defendants—as fees and expenses for investigating the facts, litigating the case, and negotiating the settlement—and for $10,000 to be paid to the Class Representative for his services.

- Your legal rights are affected whether you act, or don't act.  Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | Receive a payment of $325.00. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Halstead Management Company, LLC, Brown Harris Stevens Residential Management, LLC, or Terra Holdings, LLC about the legal claims in this case. |
| **OBJECT** | Write to the Court about why you don't like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement.  Payments will be made if the Court approves the settlement and after any appeals are resolved.  Please be patient.

## WHAT THIS NOTICE CONTAINS

### BASIC INFORMATION .......................................................................... PAGE 3
1. What is contained in this notice package?
2. What is this lawsuit about?
3. Why is this a class action?
4. Why is there a settlement?

### WHO IS IN THE SETTLEMENT ............................................................ PAGE 4
5. How do I know if I am part of the settlement?
6. Are there are exceptions to being included?
7. I'm still not sure if I am included.

### THE SETTLEMENT BENEFITS—WHAT YOU GET ....................................... PAGE 4
8. What does the settlement provide?
9. When would I get my payment?
10. What am I giving up to get a payment to stay in the Class?

### EXCLUDING YOURSELF FROM THE SETTLEMENT ..................................... PAGE 5
11. How do I get out of the settlement?
12. If I don't exclude myself, can I sue Defendants for the same thing later?
13. If I exclude myself, can I get money from this settlement?

### THE LAWYERS REPRESENTING YOU ......................................................... PAGE 5
14. Do I have a lawyer in this case?
15. How will the lawyers be paid?

### OBJECTING TO THE SETTLEMENT .......................................................... PAGE 6
16. How do I tell the Court that I don't like the settlement?
17. What's the difference between objecting and excluding?

### THE COURT'S FAIRNESS HEARING ....................................................... PAGE 7
18. When and where will the Court decide whether to approve the settlement?
19. Do I have to come to the hearing?
20. May I speak at the hearing?

### IF YOU DO NOTHING ......................................................................... PAGE 7
21. What happens if I do nothing at all?

### GETTING MORE INFORMATION ........................................................... PAGE 7
22. How do I get more information?

**QUESTIONS? CALL 1-_____ TOLL FREE, OR VISIT www. JonesHalsteadClassAction.Info**

Para recibir una notificación en español, llame al 1-_____ o visite nuestra página web: www.
JonesHalsteadClassAction.Info

-2-

## BASIC INFORMATION

### 1.  What is contained in this notice package?

If you applied for employment with Halstead Management Company, LLC, Brown Harris Stevens Residential Management, LLC or Terra Holdings, LLC between May 1, 2012 and November 12, 2014 you could get a payment from a class action settlement.  This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

You have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement.  If the Court approves it and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement allows.  You will be informed of the progress of the settlement.

The Court in charge of the case is the United States District Court for the Southern District of New York.  This class action is *Jones v. Halstead Management Company, LLC, et al*.  The person who sued is called the Plaintiff, and the companies he sued, Halstead Management Company, LLC, Brown Harris Stevens Residential Management, LLC and Terra Holdings, LLC, are called the Defendants.

### 2.  What is this lawsuit about?

The lawsuit claimed that Defendants failed to comply with the federal Fair Credit Reporting Act by requiring job applicants to sign standardized disclosure and application forms which did not consist solely of the disclosure that a consumer report may be obtained for employment purposes.  Defendants deny that they did anything wrong.  The Amended Complaint and Answer to the Amended Complaint are available on the website.

### 3.  Why is this a class action?

In a class action, one or more people called Class Representatives (in this case Kevin A. Jones), sue on behalf of people who have similar claims. All these people are a Class or Class Members.  One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. U.S. District Judge Valerie Caproni is in charge of this class action.

### 4.  Why is there a settlement?

The Court did not decide in favor of the Plaintiffs or the Defendants.  There was no trial.  Instead, both sides agreed to a settlement after vigorous pre-trial litigation, including mediation sessions in front of the Honorable John Hughes (ret.) in New York, NY.  By reaching a settlement agreement (which is available at www.JonesHalsteadClassAction.info), the parties avoid the cost of a trial, and the people affected will get compensation.  The Class Representative and the attorneys think the settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT

To see if you get money from this settlement, you first have to decide if you are a Class Member.

### 5.   How do I know if I am part of the settlement?

Judge Caproni decided that everyone who fits this description is a Class Member:

All natural persons residing within the United States and its Territories regarding whom, from May 1, 2012 through November 12, 2014, the Defendants procured or caused to be procured a consumer report for employment purposes using a written disclosure containing language substantially similar in form to the disclosure forms provided to Plaintiff.

### 6.   Are there exceptions to being included?

You are not a Class Member if you are an employee, officer, director, legal representative, or agent of any of the Defendants.

### 7.   I'm still not sure if I am included.

If you are still not sure whether you are included, you can ask for free help.  You can call **1-_____** or visit www.JonesHalsteadClassAction.info for more information.

## THE SETTLEMENT BENEFITS — WHAT YOU GET

### 8.   What does the settlement provide?

Defendants have agreed to create a $583,375.00 fund from which each Class Member who does not exclude him or herself from the settlement will be mailed a check in the amount of $325.00.  The payment is a result of the settlement of the lawsuit.  The Defendants admit no liability and they retain their rights against a third-party vendor.  In addition, Defendants have agreed to cease the practice complained of in the lawsuit.

### 9.   When would I get my payment?

The Court will hold a Fairness Hearing on _____, 2016 at _____ a.m., to decide whether to approve the settlement.  If Judge Caproni approves the settlement after that, there may be appeals.  It's always uncertain what the outcome of any appeals will be, and resolving them can take time, perhaps more than a year.  Please be patient.

### 10.   What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself, you are staying in the Class, and that means that you can't sue, continue to sue, or be part of any other lawsuit against the Defendants about the legal issues this settlement resolves.  It also means that all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue any of the Defendants on your own, about the legal issues this settlement resolves, then you must take steps to get out.  This is called excluding yourself—or is sometimes referred to as opting out of the Class.

| **11.   How do I get out of the settlement?** |
| --- |

To exclude yourself from the settlement, you must send a letter by mail saying that you want to be excluded from *Jones v. Halstead Management Company*.  Be sure to include your name, address, telephone number, and your signature.  You must mail your exclusion request postmarked no later than **Month 00, 0000** to:



Jones v. Halstead Management Company
*c/o* Heffler Claims Group, LLC
_____
_____

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement.  You will not be legally bound by anything that happens in this lawsuit.  You may be able to sue (or continue to sue) the Defendants in the future.

| **12.   If I don't exclude myself, can I sue Defendants for the same thing later?** |
| --- |

No.  Unless you exclude yourself, you give up any right to sue Defendants for the claims that this settlement resolves.  If you have a pending lawsuit, speak to your lawyer in that case immediately.  You must exclude yourself from this Class to continue your own lawsuit.  Remember, the exclusion deadline is **Month 00, 0000.**

| **13.   If I exclude myself, can I get money from this settlement?** |
| --- |

No.  If you exclude yourself, you will not receive money from this settlement.  But, you may sue, continue to sue, or be part of a different lawsuit against Defendants.

## THE LAWYERS REPRESENTING YOU

| **14.   Do I have a lawyer in this case?** |
| --- |

The law firms of Francis & Mailman, P.C. in Philadelphia, PA, and the Legal Action Center in New York, NY represent you and other Class Members.  The contact information for these law firms is:

| **FRANCIS & MAILMAN, P.C.** | **LEGAL ACTION CENTER** |
| --- | --- |
| 100 S. Broad Street, 19th Fl. | 225 Varick Street, Suite 402 |
| Philadelphia, PA 19110 | New York, New York 10014 |
| (215) 735-8600 or 1-800-735-8600 | (212) 243-1313 |

These lawyers are called Class Counsel.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

## 15.   How will the lawyers be paid?

Class Counsel will ask the Court to approve payment of up to $425,000 to them for attorneys' fees and expenses.  The attorneys' fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement.  The Court may award less than this amount.  Defendants have agreed not to oppose the request for fees and expenses.  The costs of administering the settlement will be paid separately by the Defendants.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

## 16.   How do I tell the Court that I don't like the settlement?

If you're a Class Member, you can object to the settlement if you don't like any part of it.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter saying that you object to *Jones v. Halstead Management Company*.  Be sure to include your name; the city and state in which you live; the reasons you object to the settlement; whether you plan to come to the Fairness Hearing and you (or anyone else) want to speak; if you have a lawyer (who is not one of the lawyers for the class), the name of the lawyer(s) representing you; and if they exist, any agreements relating to your objection or the process of objecting.  Mail the objection to these three different places postmarked no later than **Month 00, 0000**:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court<br>Southern District of New York<br>Daniel Patrick Moynihan<br>U.S. Courthouse<br>500 Pearl Street<br>New York, NY 10007 | Francis & Mailman, P.C.<br>100 S. Broad Street, 19th Fl.<br>Philadelphia, PA 19110 | Venable LLP<br>Rockefeller Center<br>1270 6th Avenue<br>24th Floor<br>New York, NY 10020 |

## 17.   What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement.  You can object only if you stay in the Class.  Excluding yourself is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

# THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement.  You may attend and you may ask to speak, but you don't have to.

## 18.   When and where will the Court decide whether to approve the settlement?

The Court will hold a Fairness Hearing at _____ .m. on _____, 2016, at the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, in Courtroom 443.  At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate and whether the requested payments to Class Counsel and Class Representatives are proper.  If there are objections, the Court will consider them.  Judge Caproni will listen to people who have asked to speak at the hearing.  After the hearing, the Court will decide whether to approve the settlement.  We do not know how long these decisions will take.

## 19.   Do I have to come to the hearing?

No.  Class Counsel will answer questions Judge Caproni may have.  But you are welcome to come at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it's not necessary.

## 20.   May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing.  If you plan to speak at the hearing because you don't like the settlement, you should also send a letter as described in Section 16.  You cannot speak at the hearing if you excluded yourself.

# IF YOU DO NOTHING

## 21.   What happens if I do nothing at all?

If you do nothing, you'll still receive money from this settlement.  But, unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants about the legal issues this settlement resolves, ever again.

# GETTING MORE INFORMATION

## 22.   How do I get more information?

This notice summarizes the proposed settlement.  More details—including the Settlement Agreement, the Amended Complaint and Answer, answers to common questions, plus other information to help you determine whether you are a Class Member and whether you are eligible for payment—are available at www.JonesHalsteadClassAction.info.  You can also request this information by calling **1-_____** toll free or writing to the Settlement Administrator at *Jones v. Halstead Management Company.*, c/o Heffler Claims Group, LLC _____.  You may also speak to one of the attorneys working on this class action by calling: 1-800-735-8600 or emailing the attorneys at the following address: info@consumerlawfirm.com.

# EXHIBIT B

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN A. JONES, on behalf of himself and others
similarly situated,

      Plaintiff,

 -against-

HALSTEAD MANAGEMENT COMPANY, LLC,
BROWN HARRIS STEVENS LLC GROUP, and
BROWN HARRIS STEVENS, LLC, and TERRA
HOLDINGS, LLC,

        Defendants

   and

HALSTEAD MANAGEMENT COMPANY, LLC,
and BROWN HARRIS STEVENS RESIDENTIAL
MANAGEMENT, LLC,

     Third-Party Plaintiffs,

   -against-

STERLING INFOSYSTEMS, INC. d/b/a
STERLINGBACKCHECK

      Third-Party Defendant.

No. 14-cv-03125 (VEC)

**FINAL JUDGMENT AND
ORDER OF DISMISSAL**

This matter, having come before the Court on the Plaintiff Kevin A. Jones' Motion for

Final Approval of the proposed class action settlement with Defendants Halstead Management

Company, LLC, Brown Harris Stevens Residential Management, LLC, and Terra Holdings, LLC

("Defendants"); the Court having considered all papers filed and arguments made with respect to

the settlement, and having provisionally certified, by Order entered _____ (Doc.___), a Class, and the Court, being fully advised in the premises, finds that:[1]

A.      For purposes of settlement, this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b)(3). The class as defined in this Court's Preliminary Approval Order (the "Class") is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Class, the claims of the Class Representative are typical of the claims of the Class, and the Class Representative will fairly and adequately protect the interests of the Class. Questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

B.      Notice to the Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, and such notice by mail and website has been given in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances, and satisfies Rule 23(e) and due process.

C.      Defendants have timely provided notification of this settlement to the appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed such notification and accompanying materials, and finds that Defendants' notification complies fully with the applicable requirements of CAFA.

D.      The Settlement Agreement was arrived at as a result of arms-length negotiations conducted in good faith by counsel for the parties, and is supported by the Class Representative.

E.      The settlement as set forth in the Settlement Agreement is fair, reasonable and adequate to members of the Class in light of the complexity, expense, and duration of litigation

---

[1]      Unless otherwise defined herein, all capitalized terms in this Order have the same meaning as in the Settlement Agreement.

2

and the risks involved in establishing liability and damages, and in maintaining the class action through trial and appeal.

F.      The relief provided under the settlement constitutes fair value given in exchange for the releases of claims against the Released Parties.

G.      The persons listed on Exhibit A hereto, which is being filed under seal, have validly excluded themselves from the Class in accordance with the provisions of the Preliminary Approval Order, and shall not be bound by the Settlement.

H.      The parties and each member of the Class have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of the Settlement Agreement.

I.      It is in the best interests of the parties and the members of the Class and consistent with principles of judicial economy that any dispute between any member of the Class (including any dispute as to whether any person is a member of the Class) and any Released Party which in any way relates to the applicability or scope of the Settlement Agreement or this Final Judgment and Order of Dismissal should be presented exclusively to this Court for resolution by this Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1.      This action is finally certified as a class action for settlement purposes only against Defendants Halstead Management Company, LLC, Brown Harris Stevens Residential Management, LLC, and Terra Holdings, LLC on behalf of a Class defined as follows:

> All natural persons residing within the United States and its Territories regarding whom, from May 1, 2012 through November 12, 2014, the Defendants procured or caused to be procured a consumer report for employment purposes using a written disclosure containing language substantially similar in form to the disclosure forms provided to Plaintiff.

2.      The Settlement Agreement submitted by the parties is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable and adequate and in the best interests of the Class Members.   The parties are directed to consummate the Agreement in accordance with its terms.

3.      This action is hereby dismissed on the merits, with prejudice and without costs.

4.      Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this action, including the administration and consummation of the settlement.  In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over Defendants, Plaintiff, and each Class Member for any suit, action, proceeding, or dispute relating to this Order or the Settlement Agreement. Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration, or other proceeding by any Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, is a suit, action or proceeding relating to this Order. Solely for purposes of such suit, action, or proceeding, to the fullest extent possible under applicable law, the parties hereto and all members of the Class are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

5.      Upon consideration of Class Counsel's application for fees and expenses, the Court shall enter a separate Order awarding reasonable fees and expenses in an amount to be set forth in that Order.

6.      Upon consideration of the application for an individual settlement award, Class Representative Kevin A. Jones is awarded the sum of ten thousand dollars ($10,000.00) in consideration for his individual claims against the Defendants and for the valuable service he has performed for and on behalf of the Class.

7.      All Class Members shall be bound by all of the terms, conditions and obligations of the Settlement Agreement, and all determinations and judgments in the action concerning the Settlement.

8.      Neither the Settlement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any party of the truth of any allegation in the Lawsuit or of any liability, fault or wrongdoing of any kind.

9.      Final Judgment is hereby entered in this action, consistent with the terms of the Settlement Agreement.

BY THE COURT:

_____
HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

Dated: _____

5

# EXHIBIT C

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN A. JONES, on behalf of himself and others
similarly situated,

      Plaintiff,

 -against-

HALSTEAD MANAGEMENT COMPANY, LLC,
BROWN HARRIS STEVENS LLC GROUP, and
BROWN HARRIS STEVENS, LLC, and TERRA
HOLDINGS, LLC,

        Defendants

    and

HALSTEAD MANAGEMENT COMPANY, LLC,
and BROWN HARRIS STEVENS RESIDENTIAL
MANAGEMENT, LLC,

    Third-Party Plaintiffs,

   -against-

STERLING INFOSYSTEMS, INC. d/b/a
STERLINGBACKCHECK

      Third-Party Defendant.

No. 14-cv-03125 (VEC)

**ORDER PRELIMINARILY
APPROVING CLASS ACTION
SETTLEMENT AND
DIRECTING NOTICE
TO CLASS**

1

The Court, having reviewed the Settlement Agreement[1] entered into by the parties, hereby Orders that:

1.     The Court provisionally certifies a class for settlement purposes only, pursuant to Fed. R. Civ. P. 23(b)(3), as follows: all natural persons residing within the United States and its Territories regarding whom, from May 1, 2012 through November 12, 2014, the Defendants procured or caused to be procured a consumer report for employment purposes using a written disclosure containing language substantially similar in form to the disclosure forms provided to Plaintiff

2.     Excluded from the Class are: all persons who submit timely and valid requests to be excluded from the Classes pursuant to the terms of the Settlement Agreement and this Order; all current and former employees, officers, directors, legal representatives, and agents of the Defendants; and, the Judge to whom this case is assigned and any member of the Judge's immediate family.

3.     The Settlement Agreement entered into between the Plaintiff Kevin A. Jones and Defendants Halstead Management Company, LLC, Brown Harris Stevens Residential Management, LLC, and Defendant Terra Holdings, LLC as of September ____ , 2015, appears, upon preliminary review, to be fair, reasonable, and adequate to the Class. Accordingly, the proposed settlement is preliminarily approved, pending a fairness hearing as provided for herein.

4.     The Court finds this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) for settlement purposes.

---

[1]     Unless otherwise defined herein, all capitalized terms in this Order have the same meaning as in the Settlement Agreement.

5.      Pursuant to Fed. R. Civ. P. 23, Plaintiff Kevin A. Jones is approved as Class Representative.  This Court appoints the firms of Francis & Mailman, P.C. and the Legal Action Center as Class Counsel.

6.      The Court will hold a Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) on _____, 2016 in Courtroom 443, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, at _____ _.m. for the following purposes:

a)      To finally determine whether this action satisfies the criteria for class certification set forth in Fed. R. Civ. P. 23(a) and (b);

b)      To determine whether the proposed settlement is fair, reasonable and adequate and should be granted final approval by the Court;

c)      To determine whether a final judgment should be entered dismissing the claims of the Class;

d)      To consider the application of Class Counsel for an award of attorneys' fees and expenses, and for individual settlement and service awards to the Class Representative; and

e)      To rule upon other such matters as the Court may deem appropriate.

7.      Within five (5) business days of the entry of this Order, Defendants shall provide the Settlement Administrator with the Class List in readable and searchable electronic form.  The Settlement Administrator shall proceed with the notice plan as set forth in the Settlement Agreement.

8.      Within fourteen (14) business days of the entry of this Order, Defendants shall transfer to the Settlement Administrator, by draft or by wire, the sum of five hundred eighty three thousand, three hundred seventy five dollars ($583,375.00) to create the Settlement Fund.

9.      The Court finds that the manner of giving notice set forth in the parties' Settlement Agreement fully satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

10.     The Settlement Administrator shall file, no later than fifteen (15) business days before the Final Approval Hearing, proof of mailing of notice and of the establishment and maintenance of the settlement website.

11.     If a Class Member chooses to opt-out of the Class, such Class Member is required to submit a written and signed exclusion request to the Settlement Administrator, post-marked on or before the date specified in the Notice. A Class Member who submits a timely and valid exclusion request using the procedure identified in the Settlement Agreement shall be excluded from the Class for any and all purposes. No later than ten (10) days prior to the Final Approval Hearing, the Settlement Administrator shall prepare and file with the Court under seal, and serve on counsel, a list of all persons who have submitted timely and valid exclusion requests.

12.     A Class Member who does not file a timely and valid exclusion request shall be bound by all subsequent proceedings, orders, and judgments in the litigation. Prior to the date of the Final Approval Order, the Court may permit a Class Member who has filed a timely and valid exclusion request to withdraw such exclusion request and to participate in the Settlement Agreement as if such exclusion request had never been made.

13.     A Class Member may object to the settlement.  To exercise this objection right, the Class Member must provide written notice of the objection via first class mail to the Clerk of Court, Class Counsel, and Defense Counsel.  For an objection to be considered by the Court, the

objection must be postmarked no later than the last day of the opt-out period, as specified in the Notice.  For an objection to be considered by the Court, the objection must also set forth:

a)      the name of the litigation;

b)      the objector's full name, address and telephone number;

c)      all grounds for the objection, accompanied by any legal support for the objection known to the objector or his counsel;

d)      the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

e)      the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

f)      any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

g)      the identity of all counsel representing the objector who will appear at the Final Approval Hearing;

h)      a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection;

i)      a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

j)      the objector's signature (an attorney's signature is not sufficient).

14.     The right to object must be exercised individually by an individual Class Member, not as a member of a group or subclass and, except in the case of a deceased or incapacitated Class Member, not by the act of another person acting or purporting to act in a representative capacity.

15.     All briefs, memoranda, petitions and affidavits to be filed in support of final approval of the settlement, for an individual award to the Class Representative and for an award of attorney's fees and expenses, shall be filed not later than ten (10) days before the Final Approval Hearing.

16.     The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

BY THE COURT:

_____
HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

Dated:_____