UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN A. JONES, on behalf of himself and others
similarly situated,

      Plaintiff,

 -against-

HALSTEAD MANAGEMENT COMPANY, LLC,
BROWN HARRIS STEVENS LLC GROUP, and
BROWN HARRIS STEVENS, LLC, and TERRA
HOLDINGS, LLC,

      Defendants

   and

HALSTEAD MANAGEMENT COMPANY, LLC,
and BROWN HARRIS STEVENS RESIDENTIAL
MANAGEMENT, LLC,

      Third-Party Plaintiffs,

    -against-

STERLING INFOSYSTEMS, INC. d/b/a
STERLINGBACKCHECK

      Third-Party Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__12/11/2015__

No. 14-cv-03125 (VEC)

**ORDER PRELIMINARILY
APPROVING CLASS ACTION
SETTLEMENT AND
DIRECTING NOTICE
TO CLASS**

1

The Court, having reviewed the Settlement Agreement[1] entered into by the parties, hereby Orders that:

1.      The Court provisionally certifies a class for settlement purposes only, pursuant to Fed. R. Civ. P. 23(b)(3), as follows: all natural persons residing within the United States and its Territories regarding whom, from May 1, 2012 through November 12, 2014, the Defendants procured or caused to be procured a consumer report for employment purposes using a written disclosure containing language substantially similar in form to the disclosure forms provided to Plaintiff.

2.      Excluded from the Class are: all persons who submit timely and valid requests to be excluded from the Class pursuant to the terms of the Settlement Agreement and this Order; all current and former employees, officers, directors, legal representatives, and agents of the Defendants; and the Judge to whom this case is assigned and any member of the Judge's immediate family.

3.      The Settlement Agreement entered into between the Plaintiff Kevin A. Jones and Defendants Halstead Management Company, LLC, Brown Harris Stevens Residential Management, LLC, and Defendant Terra Holdings, LLC as of September 3 , 2015, appears, upon preliminary review, to be fair, reasonable, and adequate to the Class. Accordingly, the proposed settlement is preliminarily approved, pending a fairness hearing as provided for herein.

4.      The Court finds this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) for settlement purposes.

---

[1]      Unless otherwise defined herein, all capitalized terms in this Order have the same meaning as in the Settlement Agreement.

5.      Pursuant to Fed. R. Civ. P. 23, Plaintiff Kevin A. Jones is approved as Class Representative.  This Court appoints the firms of Francis & Mailman, P.C. and the Legal Action Center as Class Counsel.

6.      The Court will hold a Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) on **May 5, 2016** in Courtroom 443, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, at **2:00 p.m.** for the following purposes:

a)      To finally determine whether this action satisfies the criteria for class certification set forth in Fed. R. Civ. P. 23(a) and (b);

b)      To determine whether the proposed settlement is fair, reasonable and adequate and should be granted final approval by the Court;

c)      To determine whether a final judgment should be entered dismissing the claims of the Class;

d)      To consider the application of Class Counsel for an award of attorneys' fees and expenses, and for individual settlement and service awards to the Class Representative; and

e)      To rule upon other such matters as the Court may deem appropriate.

7.      Within five (5) business days of the entry of this Order, Defendants shall provide the Settlement Administrator with the Class List in readable and searchable electronic form.  The Settlement Administrator shall proceed with the notice plan as set forth in the Settlement Agreement.

8.      Within fourteen (14) business days of the entry of this Order, Defendants shall transfer to the Settlement Administrator, by draft or by wire, the sum of five hundred eighty three thousand, three hundred seventy five dollars ($583,375.00) to create the Settlement Fund.

9.      The Court finds that the manner of giving notice set forth in the parties' Settlement Agreement fully satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

10.     The Settlement Administrator shall file, no later than fifteen (15) business days before the Final Approval Hearing, proof of mailing of notice and of the establishment and maintenance of the settlement website.

11.     If a Class Member chooses to opt-out of the Class, such Class Member is required to submit a written and signed exclusion request to the Settlement Administrator, post-marked on or before the date specified in the Notice. A Class Member who submits a timely and valid exclusion request using the procedure identified in the Settlement Agreement shall be excluded from the Class for any and all purposes. No later than ten (10) days prior to the Final Approval Hearing, the Settlement Administrator shall prepare and file with the Court under seal, and serve on counsel, a list of all persons who have submitted timely and valid exclusion requests.

12.     A Class Member who does not file a timely and valid exclusion request shall be bound by all subsequent proceedings, orders, and judgments in the litigation. Prior to the date of the Final Approval Order, the Court may permit a Class Member who has filed a timely and valid exclusion request to withdraw such exclusion request and to participate in the Settlement Agreement as if such exclusion request had never been made.

13.     A Class Member may object to the settlement.  In order to object, the Class Member must provide written notice of the objection via first class mail to the Clerk of Court, Class Counsel, and Defense Counsel.  For an objection to be considered by the Court, the objection must

be postmarked no later than the last day of the opt-out period, as specified in the Notice.  For an objection to be considered by the Court, the objection must also set forth:

a)   the name of the litigation;

b)   the objector's full name, address and telephone number;

c)   all grounds for the objection, accompanied by any legal support for the objection known to the objector or his counsel;

d)   the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

e)   the identity of all counsel representing the objector who will appear at the Final Approval Hearing;

f)   a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection;

g)   a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

h)   the objector's signature (an attorney's signature is not sufficient).

14.   The right to object must be exercised individually by an individual Class Member, not as a member of a group or subclass and, except in the case of a deceased or incapacitated Class Member, not another person acting or purporting to act in a representative capacity.

15.   All briefs, memoranda, petitions and affidavits to be filed in support of final approval of the settlement, for an individual award to the Class Representative and for an award

5

of attorney's fees and expenses, shall be filed not later than ten (10) days before the Final Approval

Hearing.

16.     The Court retains exclusive jurisdiction over this action to consider all further

matters arising out of or connected with the Settlement Agreement.

BY THE COURT:

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

Dated:_____December 11, 2015_____