UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:_____                │
│ DATE FILED:__5/5/2016___             │
└─────────────────────────────────────┘
```

KEVIN A. JONES, on behalf of himself and others
similarly situated,

      Plaintiff,

  -against-

HALSTEAD MANAGEMENT COMPANY, LLC,
BROWN HARRIS STEVENS LLC GROUP, and
BROWN HARRIS STEVENS, LLC, and TERRA
HOLDINGS, LLC,

      Defendants

    and

HALSTEAD MANAGEMENT COMPANY, LLC,
and BROWN HARRIS STEVENS RESIDENTIAL
MANAGEMENT, LLC,

     Third-Party Plaintiffs,

    -against-

STERLING INFOSYSTEMS, INC. d/b/a
STERLINGBACKCHECK

      Third-Party Defendant.

No. 14-cv-03125 (VEC)

**FINAL JUDGMENT AND
ORDER OF DISMISSAL**

       This matter, having come before the Court on the Plaintiff Kevin A. Jones' Motion for

Final Approval of the proposed class action settlement with Defendants Halstead Management

Company, LLC, Brown Harris Stevens Residential Management, LLC, and Terra Holdings, LLC

("Defendants"); the Court having considered all papers filed and arguments made with respect to

the settlement, and having provisionally certified, by Order entered December 11, 2015 (Doc. 134), a Class, and the Court, being fully advised in the premises, finds that:[1]

A.      For purposes of settlement, this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b)(3). The class as defined in this Court's Preliminary Approval Order (the "Class") is so numerous that joinder of all members is not practicable, there are questions of law and fact common to the Class, the claims of the Class Representative are typical of the claims of the Class, and the Class Representative will fairly and adequately protect the interests of the Class. Questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

B.      Notice to the Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, and such notice by mail and website has been given in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances, and satisfies Rule 23(e) and due process.

C.      Defendants have timely provided notification of this settlement to the appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed such notification and accompanying materials, and finds that Defendants' notification complies fully with the applicable requirements of CAFA.

D.      The Settlement Agreement was arrived at as a result of arms-length negotiations conducted in good faith by counsel for the parties, and is supported by the Class Representative.

E.      The settlement as set forth in the Settlement Agreement is fair, reasonable and adequate to members of the Class in light of the complexity, expense, and duration of litigation

---

[1]      Unless otherwise defined herein, all capitalized terms in this Order have the same meaning as in the Settlement Agreement.

and the risks involved in establishing liability and damages, and in maintaining the class action through trial and appeal.

F.      The relief provided under the settlement constitutes fair value given in exchange for the releases of claims against the Released Parties.

G.      The persons listed on Exhibit B to the Declaration of Settlement Administrator filed under seal on April 18, 2016 (Doc. 143-2) have validly excluded themselves from the Class in accordance with the provisions of the Preliminary Approval Order and shall not be bound by the Settlement.

H.      The parties and each member of the Class have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of the Settlement Agreement.

I.      It is in the best interests of the parties and the members of the Class and consistent with principles of judicial economy that any dispute between any member of the Class (including any dispute as to whether any person is a member of the Class) and any Released Party which in any way relates to the applicability or scope of the Settlement Agreement or this Final Judgment and Order of Dismissal should be presented exclusively to this Court for resolution by this Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1.      This action is finally certified as a class action for settlement purposes only against Defendants Halstead Management Company, LLC, Brown Harris Stevens Residential Management, LLC, and Terra Holdings, LLC on behalf of a Class defined as follows:

> All natural persons residing within the United States and its Territories regarding whom, from May 1, 2012 through November 12, 2014, the Defendants procured or caused to be procured a consumer report for employment purposes using a written disclosure containing language substantially similar in form to the disclosure forms provided to Plaintiff.

2.      The Settlement Agreement submitted by the parties is finally approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, reasonable and adequate and in the best interests of the Class Members.   The parties are directed to consummate the Agreement in accordance with its terms.

3.      This action is hereby dismissed on the merits, with prejudice and without costs.

4.      Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this action, including the administration and consummation of the settlement.   In addition, without affecting the finality of this judgment, the Court retains exclusive jurisdiction over Defendants, Plaintiff, and each Class Member for any suit, action, proceeding, or dispute relating to this Order or the Settlement Agreement.   Without limiting the generality of the foregoing, any dispute concerning the Settlement Agreement, including, but not limited to, any suit, action, arbitration, or other proceeding by any Class Member in which the provisions of the Settlement Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, is a suit, action or proceeding relating to this Order.   Solely for purposes of such suit, action, or proceeding, to the fullest extent possible under applicable law, the parties hereto and all members of the Class are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

5.      Upon consideration of Class Counsel's application for fees and expenses, the Court shall enter a separate Order awarding reasonable fees and expenses in an amount to be set forth in that Order.

6.      Upon consideration of the application for an individual settlement award, Class Representative Kevin A. Jones is awarded the sum of ten thousand dollars ($10,000.00) in consideration for his individual claims against the Defendants and for the valuable service he has performed for and on behalf of the Class.

7.      All Class Members shall be bound by all of the terms, conditions and obligations of the Settlement Agreement, and all determinations and judgments in the action concerning the Settlement.

8.      Neither the Settlement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by any party of the truth of any allegation in the Lawsuit or of any liability, fault or wrongdoing of any kind.

9.      As required by the Settlement Agreement any uncashed or returned checks in an amount in excess of the Settlement Administration Amount (as defined in the Settlement Agreement) shall be used to create a *cy pres* fund.  The Court approves the distribution of the *cy pres* fund to the Community Service Society of New York (Legal Department/Reentry Program) and MFY Legal Services (Reentry Project).

10.     Final Judgment is hereby entered in this action, consistent with the terms of the Settlement Agreement.

SO ORDERED:

_____

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

Dated: __May 5, 2016_____

6